IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-MJ-1069-JG-1

UNITED STATES OF AMERICA     )
                                       )
                                       )
         v.                      )         O R D E R
                                       )
TRANQUERE SANCHEZ IRONS,     )
                                       )
     Defendant.               )

This matter came before the court for a preliminary hearing regarding the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. On March 10, 2017, the government charged Defendant with the following offenses: (1) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, (2) manufacturing or possessing with the intent to distribute cocaine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and (3) using or possessing a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). [DE-1].

At the hearing the government presented the testimony of ATFE Agent Jarrett Wishon and Defendant presented the testimony of Angela Breeden Agvi, Defendant's sister, as a proposed third-party custodian. The court has considered the hearing testimony, complaint affidavit and the pretrial services report, which was prepared by the Office of Pretrial Services and provided to the parties in advance of the hearing. The court finds that the credible information presented by Agent Wishon establishes probable cause to support the charges of the criminal complaint.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings based on the following principal findings and

reasons: (1) the nature of the offense charged against Defendant and the strength of the Government's case; (2) Defendant's apparent drug use, (3) Defendant's criminal history, including felony convictions, a history of probation violations and revocations, committing offenses while on probation or supervision, and (4) other findings and reasons stated in open court. While the court has considered the testimony presented by the proposed third-party custodian, the court finds the risk of non-appearance outweighs such evidence.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshals for a court appearance.

SO ORDERED, the 28th day of March 2017.

Robert B. Jones, Jr.,
United States Magistrate Judge

2